**UNITED STATES DISTRICT COURT**
**District of New Jersey**

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

**LETTER OPINION**
**ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT**

August 20, 2007

**Re: Sequoia Capital Ltd. v. Best Chemicals and Plastics, Inc. and BestChem, Inc., Civil Action No. 06-5544**

Dear Plaintiff:

On or about November 17, 2006, Plaintiff, Sequoia Capital Limited, filed a complaint against defendants, Best Chemicals and Plastics, Inc., and BestChem, Inc., for breach of contract, promissory estoppel, breach of duty of good faith and fair dealing, and unjust enrichment. Defendants have not answered the complaint.

Plaintiff has since filed two "Notices for Entry of Default and Default Judgment" on February 2, 2007 and July 17, 2007. Essentially, Plaintiff asks this Court to enter judgment against Defendants in the amount of $2,809,689.98, which apparently represents monies due and owing under the contract at issue plus accrued interest. In support of these notices, Plaintiff claims that service upon Defendants was properly effected because they were "personally served" via registered mail, return receipt requested, at their address in the Philippines two times—first on December 7, 2006 and again on May 5, 2007. Apparently, the first return receipt card was not returned; however, the second card was signed by someone named "Gallupo I.A." on May 22, 2007 and returned to Plaintiff. The summons and complaint were purportedly also faxed to Defendants on or about November 20, 2006.

The Court has considered Plaintiff's two "Notices for Entry of Default and Default Judgment" and denies Plaintiff's requests for the following reasons. First, the proper procedure for the entry of default judgment is to first request the entry of default by the Clerk pursuant to Fed. R. Civ. P. 55(a). Then, once the Clerk enters default, the plaintiff may file for default judgment pursuant to Rule 55(b).

Plaintiff does not attach a copy of the contract at issue; therefore, it is unclear to the Court whether the damages sought by Plaintiff are for a sum certain or a sum which by computation can be made certain. Thus, it is unclear whether Plaintiff must file, after obtaining the Clerk's entry

of default, the appropriate request with the Clerk for the entry of default judgment pursuant to Rule 55(b)(1) or the appropriate motion with the Court for the entry of default judgment pursuant to Rule 55(b)(2). It is Plaintiff's obligation to make the appropriate request or motion.[1]

Additionally, in submitting further documentation to the Court, Plaintiff must inform the Court of how its purported method of service upon Defendants, both of which are purportedly foreign corporations, complies with Rule 4. See, e.g., Bd. of Trustees of Operating Engineers Local 825 Welfare Fund v. Robert Silagy, No. 06-1795, 2006 WL 3308578, at *2 (D.N.J. Nov. 13, 2006) ("A party against whom default judgment is requested must have been properly served with process."). To the extent Plaintiff is claiming that Defendants' actual notice of this litigation excuses improper service, Plaintiff must provide authority for such position. Plaintiff must also provide the Court with a copy of the contract at issue so the Court may determine whether Plaintiff is in fact requesting a sum certain and whether Defendants have consented to personal jurisdiction in this forum.

An appropriate order accompanies this letter opinion.

s/ Jose L. Linares
United States District Judge

---

[1] In order for a default judgment request to be for a "sum certain" there must essentially be no doubt as to the amount to which Plaintiff is entitled. See, e.g., Board of Trustees of Operating Engineers Local 825 Welfare Fund v. Silagy, No. 06-1795, 2006 WL 3308578, at *3 (D.N.J. Nov. 13, 2006) (stating that a claim for damages is "not a 'sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default.' " (quoting KPS Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 19 (1st Cir. 2003))).